IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JEOL USA, INC.,                          )
                                         )
                 Plaintiff,              )
                                         )     Civil Action No. 1:09cv1081 (LO/JFA)
        v.                               )
                                         )
CAMBRIDGE SYSTEMS, INC.,                 )
                                         )
                 Defendant.              )
_____    )

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to

Fed. R. Civ. P. 55(b).  (Docket no. 7).  Plaintiff JEOL USA, Inc. ("JEOL") seeks a default

judgment against the defendant Cambridge Systems, Inc. ("Cambridge").  Pursuant to 28 U.S.C.

§ 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings

of fact and recommendations, a copy of which will be provided to all parties.

### Procedural Background

On September 25, 2009, JEOL filed its complaint alleging that Cambridge breached a

contract by refusing to pay for a scanning electron microscope, an imaging system and related

equipment that was delivered by JEOL pursuant to a purchase order.  (Docket no. 1).  In the

complaint, JEOL requests the entry of an order granting JEOL a judgment in the amount of

$165,000.00 for the unpaid amount of the purchase order plus interest at an annual rate of 18%

from December 17, 2008 until paid and its costs incurred in bringing this action.  (Docket no. 1).

On September 25, 2009, a summons was issued for service on Cambridge.  (Docket no. 3).

According to the return of service filed with the court on October 7, 2009, Jaimi Danielsen was

served in person with the summons and complaint on September 30, 2009 at 14155 Newbrook Drive, Suite 300, Chantilly, Virginia. (Docket no. 4). As set forth in the Affidavit of Process Server requested by the court, Jaimi Danielsen is an employee of Cambridge and, at the time the summons and complaint were served, she informed the process server that the registered agent for Cambridge (Madhavi Doki) was not in the office and that she was authorized to accept court documents on her behalf. (Docket no. 11 ¶¶ 4, 5). This affidavit also states that the address where the summons and complaint were served (which is different than the address listed in the complaint) was Cambridge's new business address. (Docket no. 11 ¶¶ 3-6). In accordance with Fed. R. Civ. P. 12(a), a responsive pleading was due on October 20, 2009, 20 days after service of the summons and complaint.

Cambridge failed to file a responsive pleading in a timely manner. On October 26, 2009, JEOL filed its request for entry of default along with a declaration from Michael J. Schrier. (Docket no. 5). The Clerk of Court entered default against Cambridge pursuant to Fed. R. Civ. P. 55(a) on October 26, 2009. (Docket no. 6). On November 4, 2009, JEOL filed a motion for default judgment with a supporting declaration. (Docket no. 7). On November 5, 2009, JEOL filed a notice setting the motion for default judgment for a hearing on November 20, 2009 at 10:00 a.m. (Docket no. 8). There is no indication that counsel for JEOL served the motion for default judgment, supporting declaration or notice on Cambridge. (Docket nos. 7, 8). On November 20, 2009, counsel for JEOL appeared at the hearing on the motion for default judgment before the undersigned magistrate judge and no one appeared on behalf of Cambridge. (Docket no. 10). At the hearing on November 20, 2009, counsel for JEOL filed with the court an affidavit from Ronald Koch (Docket no. 11) providing additional information concerning how the summons and complaint were served on Cambridge.

2

## Factual Background

The following facts are established by the complaint (Docket no. 1), the motion for default judgment with its supporting declaration (Docket no. 7), and the affidavit filed with the court on November 20, 2009 (Docket no. 11). JEOL is a Delaware corporation with its principal place of business in Massachusetts. (Compl. ¶ 1). Cambridge is a Virginia corporation with its principal place of business in Virginia. (Compl. ¶ 2). The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. (Compl. ¶¶ 3, 10).

On or about August 18, 2008, Cambridge sent JEOL a purchase order for the purchase and delivery of a scanning electron microscope, an imaging system and related equipment as set forth in the quotation JEOL had provided to Cambridge. (Compl. ¶ 8). The purchase order accepted the terms of the purchase order, included the agreed upon price of $165,000.00, that payment would be due within 15 days after invoice and that a service charge of 1.5% per month (18% per annum) would be assessed on past due balances. (Compl. ¶¶ 6-8).

On December 2, 2008 JEOL delivered the scanning electron microscope, the imaging system and related equipment as requested in the purchase order and invoiced Cambridge for the $165,000.00 purchase price on that same day. (Compl. ¶ 9). JEOL has made a demand for payment upon Cambridge and Cambridge has failed and refused to pay JEOL the amounts due. (Compl. ¶¶ 12, 13).

JEOL filed this breach of contract action on September 25, 2009. (Docket no. 1). The summons and complaint were served on Cambridge by private process server on September 30, 2009. (Docket no. 4). The Cambridge employee served with the summons and complaint stated that she was authorized to accept service on behalf of Cambridge. (Docket no. 11 ¶ 5). As set forth in the complaint, the amount owed to JEOL by Cambridge for the scanning electron

microscope, the imaging system and related equipment is $165,000.00 plus interest at the rate of 18% per annum from December 17, 2008 until paid. (Compl. ¶ 10). Cambridge's responsive pleading was due on October 20, 2009. Fed. R. Civ. P. 12(a)(1)(A)(i). Cambridge did not file a responsive pleading in a timely manner and JEOL applied for entry of default on October 23, 2009. (Docket no. 5). The Clerk entered default against Cambridge on October 26, 2009. (Docket no. 6). JEOL filed a motion for default judgment on November 4, 2009 (Docket no. 7). As detailed in the declaration of Michael J. Schrier filed with the motion for default judgment, the amount of interest owed from December 17, 2008 to November 4, 2009 is $26,565.00. (Schrier Decl. ¶ 8). In this motion for default judgment, JEOL is seeking a judgment in the amount of $192,018.00 which includes the $165,000.00 purchase price for the scanning electron microscope, the imaging system and related equipment, $26,565.00 in interest and $453.00 in costs ($350.00 for the filing fee and $103.00 for the process server fees). (Schrier Decl. ¶ 10).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on Cambridge's failure to file a responsive pleading in a timely manner, the Clerk has entered a default. (Docket no. 6).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a

4

court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence or investigate any other matter.

### Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. JEOL states that this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. (Compl. ¶ 3). JEOL is a Delaware corporation with its principal place of business in Massachusetts. (Compl. ¶ 1). Cambridge is a Virginia corporation with its principal place of business in Virginia. (Compl. ¶ 2). The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. (Compl. ¶¶ 3, 10). Since this action is between citizens of different states and the amount in controversy requirement is satisfied, there is subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). This court has personal jurisdiction over Cambridge since Cambridge is a Virginia corporation with its principal place of business in Virginia.

JEOL asserts that venue is proper in this court pursuant to the provisions of 28 U.S.C. § 1391(a) because this is the district and division where the defendant resides and a substantial part of the events giving rise to this cause of action occurred in this judicial district.

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over Cambridge, and that venue is proper in this court.

### Service

Cambridge was served by having the summons and complaint personally served on an employee of Cambridge in Virginia who was authorized to accept service on behalf of

Cambridge. (Docket nos. 4, 11). Therefore, the undersigned magistrate judge recommends a finding that Cambridge was served properly with the summons and complaint.

## Grounds for Entry of Default

Under Fed. R. Civ. P. 12(a), a responsive pleading was due by Cambridge on October 20, 2009. (Docket no. 4). No responsive pleading was filed by Cambridge in a timely manner and on October 23, 2009, JEOL filed its request for entry of default with a supporting declaration. (Docket no. 5). The Clerk of the Court entered a default on October 26, 2009. (Docket no. 6). The motion for default judgment, the supporting declaration and the notice of hearing for November 20, 2009, were filed on November 4 and 5, 2009 (Docket nos. 7, 8). While there is no certificate indicating that the motion for default judgment and notice were served on Cambridge, Cambridge will be provided with a copy of this report and recommendation and it will have the opportunity to file any objection it deems appropriate within ten days.

For these reasons, the undersigned magistrate judge recommends a finding that Cambridge was served with the summons and complaint properly, that it failed to file a responsive pleading in a timely manner and that the Clerk properly entered a default as to Cambridge.

## Liability and Measure of Damages

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because Cambridge did not file a responsive pleading and is in default, it is deemed to have admitted the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6). As set forth in the complaint, Cambridge has failed to pay the $165,000.00 owed for the scanning electron microscope, the imaging system and related

6

equipment provided by JEOL. (Compl. ¶¶ 22-28). In addition, JEOL is entitled to interest at the rate of 18% per annum on any amounts not paid within 15 days after invoicing.

The facts set forth in the complaint and the declaration establish that JEOL and Cambridge entered into a contract pursuant to which Cambridge agreed to purchase a scanning electron microscope, an imaging system and related equipment from JEOL for $165,000.00. JEOL delivered the equipment and invoiced Cambridge on December 2, 2008 in accordance with the purchase order. Cambridge failed to pay the amount owed for the equipment within the agreed upon 15-day time period and the purchase order provides that interest is to accrue at a rate of 18% per annum on any past due balance. As set for in the declaration submitted with the motion for default judgment, the total value of the interest owed as of November 4, 2009 is $26,565.00.

For these reasons the undersigned magistrate judge recommends that a default judgment be entered in favor of JEOL USA, Inc. against Cambridge Systems, Inc. in the amount of $191,565.00 (the $165,000.00 purchase price and interest in the amount of $26,565.00) with interest to accrue at the rate of 18% per annum from the date of judgment until paid. In addition, in the event judgment is awarded in favor of JEOL USA, Inc., it shall be entitled to file a bill of costs in accordance with 28 U.S.C. § 1920 and Local Civil Rule 54(D).

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to Cambridge Systems, Inc., the parties are notified that objections to this proposed findings of fact and recommendations must be filed within ten (10) days of service of this proposed findings of fact and recommendations and a failure to file

7

timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

The Clerk is hereby directed to mail a copy of this proposed findings of fact and recommendations to Cambridge Systems, Inc. at 14155 Newbrook Drive, Suite 300, Chantilly, Virginia 20151.

ENTERED this 23rd day of November, 2009.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia